1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EDDIE LEE CHESTANG,                          No.  2:14-cv-2584 GEB CKD P

12              Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16              Defendants.

17

18        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.

19   Plaintiff filed this action in the Solano County Superior Court.  On November 4, 2014, this action

20   was removed to federal court.  See 28 U.S.C. §§ 1331, 1441(b).  (ECF No. 1.)

21        The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26        Plaintiff challenges his 2012 disciplinary conviction for possession of an inmate-

27   manufactured stabbing weapon, for which he was assessed a 360-day loss of behavioral credits.

28   (See ECF No. 1-1 at 22.)  He asserts that the conviction was obtained in violation of his right to

                                              1

1  federal due process.

2      Plaintiff's challenge to the disciplinary conviction is barred by Heck v. Humphrey, 512

3  U.S. 477 (1994).  In Heck, the Supreme Court held that to recover damages for "harm caused by

4  actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff

5  must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated.  Id.

6  at 486–487.  The Heck bar preserves the rule that federal challenges, which, if successful, would

7  necessarily imply the invalidity of incarceration or its duration, must be brought by way of

8  petition for writ of habeas corpus, after exhausting appropriate avenues of relief.  Muhammad v.

9  Close, 540 U.S. 749, 750–751 (2004).  Accordingly, "a state prisoner's [section] 1983 action is

10  barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no

11  matter the target of the prisoner's suit (state conduct leading to conviction or internal prison

12  proceedings) — if success in that action would necessarily demonstrate the invalidity of

13  confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); see also Edwards

14  v. Balisok, 520 U.S. 641, 644–646 (1997) (holding that claims alleging procedural defects and

15  bias by a hearing officer at disciplinary hearing were not cognizable under Heck, because they

16  implied the invalidity of a credit forfeiture imposed at the hearing).

17      Consequently, plaintiff's §1983 action cannot proceed unless and until his disciplinary

18  conviction is invalidated.[1]

19      Accordingly, IT IS HEREBY RECOMMENDED THAT the complaint be dismissed

20  without prejudice and this case closed.

21  /////

22  ────────────────
[1] Plaintiff is advised that prison inmates may challenge disciplinary convictions resulting in loss
23  of credits in a petition for writ of habeas corpus pursuant to 42 U.S.C. § 2254.  An inmate's rights
   arising under federal law concerning disciplinary proceedings which result in the loss of good
24  conduct sentence credit are, generally speaking, limited to the following:
       1) Advance written notice of the charges;
25       2) An opportunity, when consistent with institutional safety and correctional goals, to call
   witnesses and present documentary evidence in his or her defense;
26       3) A written statement by the fact-finder of the evidence relied on and the reasons for the
   disciplinary action; and
27       4) That the findings of the prison disciplinary board be supported by some evidence in the
28  record.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).

1     These findings and recommendations are submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

3  after being served with these findings and recommendations, plaintiff may file written objections

4  with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

5  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

6  time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

7  (9th Cir. 1991).

8  Dated:  January 8, 2015

9                                                    _____

10                                                  CAROLYN K. DELANEY
                                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15  2 /ches258414.new

16

17

18

19

20

21

22

23

24

25

26

27

28

3